Jeffrey W. BROWN, an individual,
Plaintiff,

v.

ADIDAS INT., et al., Adidas America, Adidas Inc., various unknown parties, to include all "Parties" that Supply Adidas with material(s) and outsole formulation(s) and Products, Defendants.

No. CV 95–3866 H (POR).

United States District Court,
S.D. California.

April 15, 1996.

Jeffrey W. Brown, San Diego, CA, for Plaintiff.

Craig S Summers, Keith A Newburry, Pretty Schroeder Brueggemann & Clark, Los Angeles, CA, for Defendants.

**Order Granting Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6), Denying Defendant's Motion to Dismiss Pursuant to Rule 12(b)(1) and Denying Defendant's Request for an Award of Attorneys' Fees**

HUFF, District Judge.

Defendant adidas America, Inc. moves to dismiss plaintiff's first amended complaint pursuant to Federal Rules 12(b)(1) and 12(b)(6). Plaintiff opposes defendant's motion. After reviewing the papers submitted by the parties, the court finds that plaintiff has failed to state a claim upon which relief can be granted. Accordingly, the court grants defendant's motion to dismiss the action pursuant to Federal Rule 12(b)(6). In addition, the court finds an award of attorney's fees pursuant to 28 U.S.C. section 1927 inappropriate at this time. Consequently, the court denies that request.

## BACKGROUND

On February 16, 1996, plaintiff, Jeffrey W. Brown, withdrew his original complaint of December 15, 1995 and substituted an amended complaint. In his complaint, Brown alleges the following as causes of actions: "unfair competition, common law breach of agreement, trade secret infringement, patent infringement, copyright infringement, bad faith [sic], negligence, duty of care [sic], special motion for summary judgment [sic], estopel [sic], demur edudicated motion of ipso facto [sic], injunctive relief, duress and hardship [sic], uniform code of conduct [sic], dilution [sic], and punitive damages."

At the core of his complaint, Brown appears to allege a breach of contract claim against adidas. Brown alleges that an agreement between him, his company B & B Technologies LLP, and adidas requires adidas to disclose to him "some legal right that supersedes [his] past and current intellectual property rights." (F.A.C., ¶ 8). Because adidas failed to make such a demonstration to plaintiff, he instituted the current action. The underlying dispute concerns Brown's claims that adidas may have appropriated a trade secret to which he claims a patent.

## DISCUSSION

A. *Motion to Dismiss Pursuant to Rule 12(b)(1)*

Defendant moves to dismiss the complaint pursuant to Federal Rule 12(b)(1). That rule provides that a complaint may be dismissed for "lack of jurisdiction over the subject matter." Fed.R.Civ.P. 12(b)(1). In a motion to dismiss for lack of subject matter jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the exis-

tence of disputed material facts will not preclude the court from evaluating for itself the merits of jurisdictional claims." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir.1983).

■ "[F]ederal courts are courts of limited jurisdiction." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir.1989). This court "presume[s] that a cause lies outside this limited jurisdiction, and [that] the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, ——, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). Local Rule 3.2 mandates that each plaintiff set forth the facts in the complaint which support federal jurisdiction. Loc.R. 3.2(a). Plaintiff may meet this burden in one of two ways: he may demonstrate that cause of action arises under federal law or he may set forth facts sufficient to accord this court diversity jurisdiction.

First, plaintiff attempts to establish a federal cause of action in order to invoke the jurisdiction of this court. In paragraph one the first amended complaint, Brown claims that his claims "arise under the Intellectual Property Patent Laws of the United States, 35 & 37 USC [sic][.] Plaintiff also cites Title 27 Copyright Laws [sic]" as a basis for federal jurisdiction. (F.A.C., ¶ 2).

Initially, the court notes that 37 U.S.C. section 101 *et seq.* governs the "pay and allowances of the Uniformed Services." This title does not in any way concern intellectual property, nor does Brown articulate any cause of action involving the payment of the uniformed services. Similarly, plaintiff's cites incorrectly to Title 27 when alleging claims of copyright infringement. Title 27 deals with "intoxicating liquors"; Title 17 governs copyright law. Thus, the court will evaluate plaintiff's copyright claims under the correct title of the United States Code.

Defendant attacks plaintiff's attempt to invoke federal jurisdiction under Title 35 of the United States Code concerning patents and Title 17 concerning copyright. However, defendant does not argue that plaintiff's claims do not raise federal questions; rather, defendant argues that plaintiff has failed to set forth facts which support the federal claim

plaintiff intends; this argument amounts to an assertion that plaintiff has failed to state a claim upon which relief can be granted. To that extent, the court considers defendant's arguments below when applying the standard appropriate for Rule 12(b)(6). Consequently, the court denies defendant's motion to dismiss pursuant to 12(b)(1) to the extent that defendant attacks plaintiff's federal claims.

■ However, in addition to his claims for federal question jurisdiction, Brown asserts diversity jurisdiction. Because Brown fails to identify either his or the defendant's domicile for jurisdictional purposes, the court finds insufficient Brown's assertion of diversity jurisdiction. *See* 28 U.S.C. § 1332.

B. *Motion to Dismiss Pursuant to Rule 12(b)(6)*

In addition to raising the issues of jurisdiction, defendant makes a motion to dismiss under Rule 12(b)(6). That rule allows the court to dismiss a complaint upon finding that plaintiff has failed to state a claim upon which relief can be granted. FED.R.CIV.P. 12(b)(6). Looking beyond the jurisdictional question and evaluating the substance of Brown's federal and state claims, the court finds Brown's complaint devoid of any claim upon which relief can be granted.

■ A dismissal pursuant to rule 12(b)(6) is proper only in "extraordinary" cases. *United States v. Redwood City*, 640 F.2d 963, 966 (9th Cir.1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1990). The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. *Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1483 (9th Cir.1991). Finally, courts must construe the complaint in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir.1980). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them.

*NL Industries, Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir.1986).

The only facts the court can extract from this complaint are as follows: defendant uses B & B Technologies' patented "polybutadiene" outsole formulation and trade secret designs in its "Predator" soccer shoe; defendant appropriated plaintiff's copyrighted shoe designs; defendant refuses to disclose how they acquired the rights to use patented polybutadiene formulations and trade secrets.[1] From these facts, plaintiff develops twelve claims. The court will address in the order set forth by Brown each "cause of action" alleged by Brown as he articulates these claims in his first amended complaint.

### 1. *Demur to Complaint*

■■■ Plaintiff labels his first claim "demur to complaint."[2] The court notes that a demurrer is pleading filed by a defendant which argues that as a matter of law, plaintiff's complaint falls so far short of articulating a viable cause of action, the court should dismiss it. *See People v. Hale,* 232 Cal. App.2d 112, 120, 42 Cal.Rptr. 533 (1965). However, Rule 7(c) of the Federal Rules abolished demurrers in the federal practice of law. Consequently, the court finds plaintiff's "demur to complaint" void of any legal claim and dismisses it with prejudice from the complaint.[3]

### 2. *First Supplemental Cause of Action*

■ In Brown's "first supplemental cause of action," he claims that adidas handled "proprietary [sic] and confidential documents and files" in a negligent manner. (F.A.C., — 9). He then claims that adidas must provide him with original documents when it provides him with proof that it does not use his patented formulations and designs. *Id.* It appears that plaintiff attempts to mask a request for discovery as a cause of action. The court cannot recognize any legal claim in Brown's "first supplemental cause of action." At no point does Brown articulate the genesis of any duty, either in contract or in tort, owed to him by adidas. Consequently, the court dismisses plaintiff's first supplemental cause of action from the complaint.

### 3. *Special Motion to the Causes of Action*

Although plaintiff recognizes that his next claim does not constitute a cause of action, plaintiff requests summary judgment. (F.A.C., ¶ 10). He then strings together such legal terms as "negligence, lack of duty, lack of duty [sic], degree of care & bad faith [sic]." *Id.* According to plaintiff, these allegations support an award of "treble damages." *Id.* Again, these terms surround his request for adidas' confidential files.

A motion for summary judgment shall be granted where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c); *British Airways Bd. v. Boeing Co.,* 585 F.2d 946, 951 (9th Cir.1978). Plaintiff fails to demonstrate that he is entitled to judgment on any claim in his complaint. Consequently, the court denies his motion for summary judgment.[4]

### 4. *Plaintiff's First Cause of Action: Unfair Competition*

■■■ Brown cites the Lanham Act, 15 U.S.C. section 1125, and California's Business and Professions Code sections 17200 *et*

---

**1.** One of the failings of plaintiff's complaint is the absence of B & B Precedent and B & B Technologies. Plaintiff uses terms like "our patent" even though no other party appears in the complaint and opposition papers. When suing in his individual capacity, he refers to exhibits to which he is not a party, but merely an agent for these other entities. Consequently, the court cannot discern any rights that devolve to Brown as an individual.

**2.** Although plaintiff sets forth causes of action labeled cardinally from one to nine, he precedes these claims with a "demur to complaint" [sic], a "first supplemental cause of action", and a "special motion to the causes of action." The court will evaluate all of these allegations under the 12(b)(6) standard.

**3.** For the same reasons, the court rejects plaintiff's "special demur motion of ipso facto" contained in paragraph 17 of the first amended complaint.

**4.** For the same reasons, the court rejects plaintiff's "special motion for summary judgment" found in paragraph 16 of the first amended complaint.

*seq.*, to support allegations of unfair competition. Section 1125, Title 15 United States Code imposes civil liability on:

[a]ny person who shall affix, apply, or annex, or use in connection with any goods or services, or any container or containers for goods, a false designation of origin, or any false description or representation, including words or their symbols tending falsely to describe or represent the same or shall cause such goods or services to enter into commerce, and any person who shall with knowledge of the falsity of such designation of origin or description or representation cause or procure the same to be transported or used in commerce or deliver the same to any carrier to be transported or used.

15 U.S.C. § 1125. The Lanham Act supports only two claims under the tort of unfair competition: infringement of registered trademarks and false designation of the origin of goods. *Int'l Order of Job's Daughters v. Lindeburg & Co.*, 633 F.2d 912, 915 (9th Cir.1980), *cert. denied,* 452 U.S. 941, 101 S.Ct. 3086, 69 L.Ed.2d 956 (1981).

Section 17200 of California's Business and Professions Code defines unfair competition as the:

unlawful, unfair and fraudulent business practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.

CAL.B & P CODE § 17200.

■ Brown makes no allegations to support a cause of action under either statute. Instead, Brown alleges that defendant continues to use its unequal bargaining power in response to plaintiff's request for information. (F.A.C., ¶ 11). This allegation alone does not support a cause of action under either 15 U.S.C. section 1125 or California B & P Code section 17200. *See e.g., Int'l Order of Job's Daughters,* 633 F.2d at 915; *Toho Co., Ltd. v. Sears, Roebuck & Co.,* 645 F.2d 788, 793 (9th Cir.1981); *People v. Casa Blan-*

*ca Convalescent Homes, Inc.,* 159 Cal.App.3d 509, 528, 206 Cal.Rptr. 164 (1984); *People v. James,* 122 Cal.App.3d 25, 35–36, 177 Cal. Rptr. 110 (1981). Accordingly, the court dismisses plaintiff's first cause of action.

5. *Plaintiff's Second Cause of Action: State and Common Law Breach*

■ Although the gravamen of plaintiff's complaints arises out of a breach of contract theory, his second cause of action fails to allege sufficiently facts to support such a claim. Plaintiff's claim reads as follows: "breach of agreement: defendant has not provided reasonable diligence in their duty and obligations, outlined in the signed nondisclosure agreement." (F.A.C., ¶ 12). Although the exhibits [5] show an agreement between adidas and B & B Productions and Technologies/B & B Precedent, plaintiff does not allege sufficiently a breach of the terms of the contract. The agreement contemplates the release of confidential information, a duty not to disclose that confidential information, and the obligation to return such information upon request. (*See* Exhibits A, B, and BB). Brown does not allege that adidas breached this contract; rather, Brown alleges that adidas refusal to release certain adidas files to Brown causes Brown to believe that adidas may have breached the contract. Brown does not allege that adidas failed to return any of Brown's files to him.

In addition, Brown's allegations suffer from a more fundamental flaw: Brown is not a party to the agreement. Brown signed the agreements as the president of B & B Precedent and B & B Productions and Technologies. Those entities are not plaintiffs in this case; Brown has sued in his individual capacity. (F.A.C., ¶ 5). Brown has not alleged the existence of any contract between him and adidas.

Finally, plaintiff's broad allegations fail to support a cause of action pursuant to Rule 8. Instead of a short, concise statement in support of his claim, Brown merely claims that

---

5. Although plaintiff refers to exhibits attached to the complaint, he attaches no exhibits to his first amended complaint. For the purposes of defendant's motion, the court treats the exhibits plain-tiff attached to the original complaint as the exhibits to which he refers concerning the first amended complaint.

"defendant has not provided reasonable diligence in their duties and obligations, outlined in the signed nondisclosure agreement of 1991 [Exhibited] [sic]." For the purposes of ruling upon defendant's 12(b)(6), the court is under no obligation to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Western Mining Council v. Watt*, 643 F.2d 618, 628 (9th Cir.), *cert. denied*, 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed.2d 474 (1981). Accordingly, the court dismisses without prejudice plaintiff's second cause of action.

### 6. Plaintiff's Third Cause of Action: Patent Infringement

■ Section 271 of Title 35 United States Code, entitled "Infringement of Patent," imposes civil liability upon "whoever without authority makes, uses or sells any patented invention, within the United States during the term of the patent therefor." 35 U.S.C. § 271(a). Plaintiff claims that "[a]s of Dec. 7, 1995, proprietary and confidential material(s), formulation(s) and design(s) became part of an issued patent." (F.A.C. ¶ 13). However, the court notes that in his opposition papers, Brown abandons the December 7, 1995 date as the date of the issuance of a patent and provides an exhibit from the United States Patent Office showing that patent number 5502901 will issue on April 2, 1996. In addition, the claims set forth in paragraph 13 contradict directly his allegations in paragraph 3 in which he claims that no patent had yet issued but would issue on March 7, 1996. (F.A.C. ¶ 3).

Nevertheless, the court must accept as true Brown's allegations that he owns a patent for a polybutadiene outsole formulation and design. *See NL Industries*, 792 F.2d at 898. In addition, the court must accept as true Brown's claims that adidas employed these patented designs and materials in the Predator soccer shoe. However, section 271 imposes liability for the unlicensed use of a patented invention during the term of the patent. 35 U.S.C. § 271. As Brown concedes in his memorandum in opposition, the patent will not issue until April 2, 1996, almost two months after he filed this complaint. Thus, the complaint

necessarily cannot and does not allege any conduct by adidas relating to the use of a patented invention during the term of the patent. Moreover, the identity of the party to whom the patent will issue, Brown or B & B Productions and Technologies and the content of that patent are not completely clear. Consequently, the court dismisses without prejudice plaintiff's third cause of action.

### 7. Plaintiff's Fourth Cause of Action: Trade Secret Infringement

■ Comparing exhibits E and I, plaintiff alleges an infringement of his trade secrets. To state a claim for trade secret infringement, a party must allege that (1) his information constituted a trade secret; (2) defendant misappropriated and used plaintiff's trade secret information in the conduct of his business; and (3) defendant was unjustly enriched by such misappropriation and use. *Forro Precision, Inc. v. Int'l Bus. Machines*, 673 F.2d 1045, 1056–57 (9th Cir.1982).

■ Brown's complaint fails to set forth sufficiently a claim of trade secret infringement. Although Brown alleges that the drawings he provided to adidas constituted a trade secret, Brown does not allege sufficiently that adidas misappropriated his designs. Brown merely asserts that his drawings demonstrate "design similarities" to the predator soccer shoe. (F.A.C. ¶ 14). Allegations of similarity, without more, do not support a claim of misappropriation of trade secrets. *See e.g., Eaton Corp. v. Appliance Valves Corp.*, 526 F.Supp. 1172, 1181 (N.D.Ind.1981), *aff'd* 688 F.2d 842 (7th Cir. 1982). This fact, as well as the fact that Brown's generic drawings are similar to all soccer shoes the court has ever seen, support the dismissal, without prejudice, of plaintiff's fourth cause of action.

### 8. Plaintiff's Fifth Cause of Action: Bad Faith/Negligence [sic]

In his fifth cause of action, which plaintiff titles "bad faith/negligence common law negligence bad faith and duty of care [sic]," Brown requests the court to infer that defendant's actions support the conclusion that defendant acted in bad faith. (F.A.C. ¶ 14).

Plaintiff's use of legalese does not support any cause of action of which the court is aware. Although plaintiff may intend to add bad faith allegations to his breach of contract claims, his fifth cause of action does not state any claim upon which relief can be granted. Consequently, the court dismisses defendant's fifth cause of action.

### 9. *Plaintiff's Sixth Cause of Action: Duress and Hardship*

■ Brown's sixth cause of action contains no more than a factual allegation that plaintiff's business cannot support the costs of litigation. (F.A.C., ¶ 18). This mere factual allegation, with nothing more, does not state a cause of action. *See Leeper v. Beltrami*, 53 Cal.2d 195, 203, 1 Cal.Rptr. 12, 347 P.2d 12 (1959). Consequently, the court dismisses plaintiff's sixth cause of action.

### 10. *Plaintiff's Seventh Cause of Action: Dilution*

In his seventh cause of action, plaintiff invokes the term of art "dilution" in an attempt to state a cause of action. (F.A.C., ¶ 19). He attempts to support this "claim" as follows:

Because of defendants unauthorized [sic] use of information gained under the proprietary and confidential non-disclosure agreement, plaintiff has no way currently to measure or tolerate the viable international depth of the infringements, as no alleged [sic]. The fact remains that the past, present and future "marketability," of such proprietary and confidential information, is now in jeopardy, and will have devastating economic results to the plaintiff, if no corrective actions and or [sic] punitive recovery not taken [sic]. UCC; Section 1–203[sic]. Obligation of Good Faith.

(F.A.C., ¶ 19).

■ The dilution doctrine, codified under California Business and Professions Code section 14330, relates to the protection of trademarks. *Toho Co., Ltd. v. Sears, Roebuck & Co.*, 645 F.2d 788, 793 (9th Cir.1981). The aim of the anti-dilution statute is to protect the owner of a mark from an injury to his mark. *Id.* This doctrine applies even

where there is no likelihood of confusion between plaintiff's and defendant's products, if defendant's actions or usage tend to tarnish, degrade or dilute the distinctive quality of the plaintiff's mark. *Id.* However, plaintiff owns no trademark. Nor does he manufacture any goods. Consequently, Brown's allegations do not support a claim under the dilution doctrine.

### 11. *Plaintiff's Eighth Cause of Action: Punitive Damages—Cal.Code 3294*

■ Contrary to plaintiff's allegations, punitive damages provide a remedy—they do not constitute a separate cause of action. California Civil Code section 3294, the section upon which Brown relies, provides that:

[i]n an action for breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, express or implied, the plaintiff, in addition to the actual damages, may recover damages for the sake of example by way of punishing the defendant.

CAL.CIV.CODE § 3294. Not only does Brown fail to allege the existence of any obligation not arising from contract, Brown incorrectly attempts to state a cause of action from a code section which only provides for damages related to a separate cause of action. Consequently, plaintiff's eighth cause of action does not contain a claim upon which relief can be granted and is dismissed pursuant to Rule 12(b)(6).

### 12. *Plaintiff's Ninth Cause of Action: Copyright Infringement*

■ In his final cause of action, Brown states that "[a]ll proprietary and confidential materials exchanged between plaintiff and defendant as copy written are improper use of any materials [sic] and/or information is in violation of Title 27 of the Copyright Code. Especially copyrighted designs." (F.A.C., ¶ 21). As a preliminary matter, the court notes that Title 17 of the United States Code, not Title 27, contains the entire body of copyright law. The court will therefore conduct its analysis under the Title 17.

Brown's broad legal conclusions do not set forth sufficiently a claim of copyright in-

fringement. First, the complaint fails to make clear the designs upon which Adidas allegedly infringed and the designs to which Brown allegedly owns a copyright. The statement "[e]specially copyrighted designs" implies that some of the materials were not copyrighted. But Brown fails to set forth sufficient facts to apprise the defendant, or the court, the factual circumstances underlying a copyright claim.

In addition, Brown fails to set forth facts sufficient to identify the nature of a copyright claim. The court infers that Brown seeks to proceed under section 501 pursuant to section 411 which requires, at a minimum, that the party claiming infringement has requested the issuance of a copyright registration. *See* 17 U.S.C. §§ 411, 501. Yet section 411 applies only if Brown owns a copyright registration, has applied for a registration which the Copyright Office refused to issue, or seeks to maintain an action for copyright under the Berne Convention or 17 U.S.C. section 106A. 17 U.S.C. § 411. The fact that Brown does not allege that his works originated in a foreign country or that adidas is using his name or deriding his name or his work, Brown's allegations seem to fit under section 411, not 106A or the Berne Convention. *See* 17 U.S.C. §§ 106A, 411.

But Brown does not allege what property adidas appropriated and the method by which such appropriation constitutes copyright infringement. At a minimum, Brown fails to allege whether he owns a copyright registration or whether he applied for one and a registration was rejected by the Copyright Office. Under section 411, the nature of the copyright determines which additional duties fall upon the party seeking to maintain a copyright action. 17 U.S.C. § 411. Because the court is under no obligation to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations," *Western Mining Council v. Watt,* 643 F.2d 618, 628 (9th Cir.), *cert. denied,* 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed.2d 474 (1981), and Brown's allegations fall short of informing adidas of the basis of a copyright claim, the court dismisses without prejudice plaintiff's ninth claim for relief pursuant to Rule 12(b)(6).

Because the court dismisses each claim set forth in Brown's first amended complaint, it need not and does not address defendant's alternative requests that plaintiff set forth a more definite statement and that B & B Technologies LLP be brought into the action pursuant to Federal Rule 19. Consequently, those motions are denied on mootness grounds.

### 13. *Request for Attorney's Fees*

■ Finally, defendant moves for an award of attorney's fees pursuant to 28 U.S.C. section 1927. That section provides as follows:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably or vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Section 1927 applies to nonlawyer litigants proceeding *in propria persona. Wages v. Internal Revenue Service,* 915 F.2d 1230, 1235–36 (9th Cir.1990), *cert. denied,* 498 U.S. 1096, 111 S.Ct. 986, 112 L.Ed.2d 1071 (1991). Although plaintiff's complaint suffers from the multiple infirmities discussed above, the court cannot say that plaintiff filed the action in bad faith. *Id.; see also New Alaska Development Corp. v. Guetschow,* 869 F.2d 1298, 1306 (9th Cir. 1989). Thus, at this point, the court declines to make an award of fees pursuant to section 1927. However, the court reminds both parties that section 1927, as well as Rule 11 of the Federal Rules, applies to all pleadings which may be filed in this case. The court is confident that each party will take care to meet the obligations set forth in those statutes.

The court grants plaintiff leave to amend his complaint within forty-five days from the filing of this order. *See Moore v. Kayport Package Express,* 885 F.2d 531, 538 (9th Cir.1989).

## CONCLUSION

Defendant adidas America, Inc. moves to dismiss plaintiff's first amended complaint pursuant to Federal Rules 12(b)(1) and 12(b)(6). Plaintiff opposes defendant's motion. After reviewing the papers submitted by the parties, the court finds that plaintiff has failed to state a claim upon which relief can be granted. Accordingly, the court grants defendant's motion to dismiss the action pursuant to Federal Rule 12(b)(6). In addition, the court finds an award of attorney's fees pursuant to 28 U.S.C. section 1927 inappropriate at this time. Consequently, the court denies that request.

IT IS SO ORDERED.