**NL INDUSTRIES, INC.,**
**Petitioner-Appellant,**

v.

**Stuart M. KAPLAN,**
**Respondent-Appellee.**

No. 85–2783.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 10, 1986.

Decided June 20, 1986.

Jennifer L. Machlin, Orrick, Herrington & Sutcliffe, San Francisco, Cal., for petitioner-appellant.

John D. Hoffman, Ellman, Burke & Cassidy, San Francisco, Cal., for respondent-appellee.

Before WALLACE, KENNEDY and FARRIS, Circuit Judges.

WALLACE, Circuit Judge:

NL Industries, Inc. (NL Industries) appeals from the district court's denial of its motion to dismiss Kaplan's action for failure to state a claim upon which relief can be granted. This appeal concerns the pleading requirements of a private cause of action under section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA), 42 U.S.C. § 9607(a). We have jurisdiction under 28 U.S.C. § 1292(b), and we affirm.

I

Kaplan's complaint alleges that Kaplan is the court-appointed receiver for 2222 Ltd. (the partnership), a California limited partnership that owns a parcel of real property in San Francisco (the parcel). The partnership acquired the parcel in February 1980 for the purpose of developing a condominium project. It later learned that the parcel was severely contaminated with deposits of various hazardous substances. State and local officials, acting pursuant to California hazardous waste control and water quality laws and other state and local statutes, regulations, and ordinances, have required Kaplan, as receiver for the partnership, to expend approximately $1,200,000 in detecting, identifying, controlling, and disposing of these hazardous substances.

From approximately 1933 to 1971, NL Industries owned the parcel and operated on it facilities for the production of paint, varnish, shellac, lacquer, and related products. From before 1900 until 1933, two corporations owned, controlled, and directed by NL Industries owned the parcel and conducted similar production operations. During these two periods, NL Industries and the two corporations owned by it deposited the hazardous substances that contaminate the parcel.

Kaplan sued NL Industries in district court under CERCLA § 107(a), 42 U.S.C. § 9607(a), to recover the partnership's costs of responding to the hazardous substances. The district court issued an order

denying NL Industries' motion to dismiss for failure to state a claim upon which relief could be granted. The district court certified its order for immediate appeal, and we granted permission to appeal. *See* 28 U.S.C. § 1292(b).

## II

■ We review de novo the district court's denial of NL Industries' motion to dismiss for failure to state a claim upon which relief can be granted. *See Guillory v. County of Orange*, 731 F.2d 1379, 1381 (9th Cir.1984). We must accept all material allegations in the complaint as true and construe them in the light most favorable to Kaplan. *North Star International v. Arizona Corporation Commission*, 720 F.2d 578, 580 (9th Cir.1983). Dismissal is warranted only if it appears to a certainty that Kaplan would be entitled to no relief under any state of facts that could be proved. *Halet v. Wend Investment Co.*, 672 F.2d 1305, 1309 (9th Cir.1982).

Section 107(a) of CERCLA states in part:

Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section—

(2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of, . . . shall be liable for—

(A) all costs of removal or remedial action incurred by the United States Government or a State not inconsistent with the national contingency plan; [and]

(B) any other necessary costs of response incurred by any other person consistent with the national contingency plan. . . .

42 U.S.C. § 9607(a)(2)(A), (B).

Section 107(a)(2)(B) expressly creates a private cause of action for damages. *Wickland Oil Terminals v. Asarco, Inc.*, 792 F.2d 887, 890 (9th Cir.1986) (*Wickland*). Pursuant to this section, Kaplan has alleged that NL Industries owned the parcel at the time that hazardous substances were

deposited on it, and that Kaplan has incurred "necessary costs of response . . . consistent with the national contingency plan."

NL Industries offers three arguments in support of its motion to dismiss. First, it contends that a private party cannot incur response costs in a manner "consistent with the national contingency plan" unless it acts pursuant to a cleanup program approved by a "lead agency," as defined in 40 C.F.R. § 300.6 (1985). We agree with NL Industries that we should look to the national contingency plan that was in effect at the time that Kaplan allegedly incurred response costs, *see* 40 C.F.R. §§ 300.1–.86 (1985), rather than to the current version, *see* 50 Fed.Reg. 47,950–79 (1985). We have, however, already addressed and rejected the precise argument that NL Industries makes, *see Wickland*, 792 F.2d at 891–92, and need not consider it further.

■ Second, NL Industries argues that Kaplan's response costs cannot be deemed "necessary" since no lead agency approved the cleanup. NL Industries roots this argument entirely in provisions of the national contingency plan. *See, e.g.*, 40 C.F.R. § 300.64(a), (c) (1985). It therefore is simply a relabeling of NL Industries' first argument, and we reject it on the same basis. Kaplan has alleged that he was required by state and local agencies to incur the response costs that he seeks to recover from NL Industries. We find this allegation sufficient to support a claim that the incurrence of response costs was "necessary" under section 107(a)(2)(B) of CERCLA. We express no view as to whether response costs not required by state and local agencies may also be "necessary."

■ Third, NL Industries contends that Kaplan did not incur response costs "consistent with the national contingency plan" since it failed to report promptly the existence of a release of hazardous substances to the National Response Center, as required by 40 C.F.R. § 300.63(b) (1985). We have held, however, that *consistency* with the national contingency plan does not ne-

cessitate *strict compliance* with its provisions. *Wickland,* 792 F.2d at 891–92. The apparent purpose of the requirement that releases be reported promptly to the National Response Center is to facilitate the development by a lead agency of a coordinated governmental response. Since we have held in *Wickland* that private parties may incur costs consistent with the national contingency plan without acting pursuant to a cleanup program approved by a lead agency, it would make little sense for us to bar private party recovery under section 107(a) of CERCLA on the basis of failure to comply with 40 C.F.R. § 300.63(b) (1985). Therefore, we hold that noncompliance with this section does not alone render the incurrence of response costs inconsistent with the national contingency plan.

AFFIRMED.