UNITED STATES SECURITIES AND EXCHANGE COMMISSION, Plaintiff,

v.

ICN PHARMACEUTICALS, INC., Milan Panic, David Watt and Nils Johannesson, Defendants.

No. SACV99–1016DOC(ANX).

United States District Court, C.D. California.

Feb. 10, 2000.

Arnold I Burns, New York City, Jennifer M Crome, Lois D. Thompson, Proskauer Rose, Los Angeles, CA, John R Cuti, Richard D Emery, Emery Cuti Brinckerhoff & Abady, New York City, Gregory H Hoffman, Gregg M. Mashberg, Proskauer Rose, Goetz & Mendeksohn, New York City, Vincent J. Marella, Robert J. McGahan, Bird Marella Boxer & Wolpert, Los Angeles, CA, Elizabeth A. Newman, Office of Fed. Public Defender, Clifford R. Saffron, New York City, Randall J. Sunshine, Liner Yankelevitz Sunshine Weinhart Riley & Regenstreif, for defendants.

James A Howell, Karen Lynn Matteson, SEC—Securities & Exchange Commission, San Francisco, CA, Gary E Jackson, Kingdon Kase, Luci McClure, SEC—Securities & Exchange Commission, Philadelphia, PA, for plaintiff.

### ORDER

CARTER, District Judge.

### DENYING DEFENDANT WATT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

For the reasons set forth below, the Court hereby DENIES Defendant Watt's Motion to Dismiss.

On December 7, 1999, by Minute Order, the Court granted Defendant Watt's Motion to Dismiss because Plaintiff had failed to state a claim for relief for securities fraud. Watt, the General Counsel and Executive Vice President of ICN, now argues that, in its Amended Complaint, the SEC has failed to correct the deficiencies of the original complaint and still fails to plead scienter as to Watt. In its Amended Complaint, the SEC alleges that on November 29, 1994, "Panic told Watt that ICN received the 'not approvable' letter from the FDA, and that there would be a delay in the approval process." The SEC further alleges that Watt participated in a meeting on December 1, 1994, with Panic and Johannesson, to review the "not approvable" letter and thereafter met with Johannesson "several times between November 29, 1994 and December 2, 1994 to obtain information about the FDA's scientific and technical analysis of the application." Watt then prepared a draft of the allegedly misleading December 5, 1994 press release.

Dismissal is appropriate under Rule 12(b)(6) when a Plaintiff's allegations fail to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). The court must accept as true the factual allegations of the complaint and indulge all reasonable inferences to be drawn from them, construing the complaint in the light most favorable to the Plaintiff. *See Westlands Water Dist. v. Firebaugh Canal,* 10 F.3d 667, 670 (9th Cir.1993); *NL Industries, Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir.1986). The court must construe the complaint liberally, and dismissal should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2d ed.1990) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *accord Jacobson v. Hughes Aircraft Co.,* 105 F.3d 1288, 1292 (9th Cir. 1997).

To state a claim under section 10(b) and 10b–5 of the Exchange Act, Plaintiff must allege that Watt "knowingly or recklessly published an 'untrue statement of fact' or omitted to state a material fact 'necessary to make the statements made, in light of all the circumstances in which they were made, not misleading.'" *Cooper v. Pickett,* 137 F.3d 616, 623 (9th Cir.1997) (quoting *In re Wells Fargo Sec. Litig.,* 12 F.3d 922, 926 (9th Cir.1993)). Likewise, Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred *generally.*" (emphasis added).

The Court finds that Plaintiff has sufficiently pled scienter in its complaint to withstand a Fed.R.Civ.P. 12(b)(6) Motion. As explained more fully above, the SEC has set for "statements of the time, place and nature of the alleged fraudulent activities" as well as what is false or misleading about the December 5, 1994 press release. *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1439 (9th Cir.1987). Most importantly, "[w]hen a complaint alleges with particularity the circumstances constituting fraud, as required by [Rule 9(b)], then generally it will also have set forth facts from which an inference of scienter could be drawn ..." *Cooper*, 137 F.3d at 628 (quoting *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1546 (9th Cir.1994) (en banc)). Thus, based on the facts Plaintiff has presented on fraud, the Court infers scienter. Defendant incorrectly argues that the heightened standard of the Private Securities Litigation Reform Act (hereinafter "PSLRA") of 1995 should be applied and that the SEC therefore has failed to "plead specific facts creating a strong inference of scienter." However, the "more rigorous" pleading requirements under the PSLRA, which go beyond the Rule 9(b) requirements only apply to private securities fraud actions; they do not apply to a case, such as this, brought by the SEC. *Marksman Partners v. Chantal Pharmaceutical Corp.*, 927 F.Supp. 1297, 1308 (C.D.Cal. 1996); *see also In re Credit Acceptance Corp. Secs. Litig.*, 50 F.Supp.2d 662, 675 (E.D.Mich.1999) (finding that the PSLRA "only applies to private securities fraud actions," such as a plaintiff class action suit).

Thus, because Watt's alleged involvement with the December 5, 1994 press release is sufficient for Plaintiff to withstand a motion to dismiss, Defendant's Motion is DENIED.

IT IS SO ORDERED