**PROGRESSIVE INSURANCE COMPANY (PAGO PAGO) LTD.,**
Plaintiff

v.

**SOUTHERN STAR INTERNATIONAL, INC.**
**dba HONG KONG RESTAURANT, TUTUILA**
**INTERNATIONAL, INC., NTV ELECTRONICS, INC.,**
**KENNY AND HELEN YOUNG, AINOAMA FATA**
**dba NOFO'S STORE, AND DOES I-V, Defendants.**

High Court of American Samoa
Trial Division

CA No. 129-99

January 22, 2001

Before KRUSE, Chief Justice, and LOGOAI, Chief Associate Judge.

Counsel: For Plaintiff, Roy J.D. Hall, Jr.
    For Defendants Southern Star International, Inc. dba Hong
    Kong Restaurant, and Kenny and Helen Young, Paul F. Miller
    For Defendant Ainoama Fata dba Nofo's Store, Katopau T.
    Ainu`u

ORDER ON MOTION TO DISMISS DEFENDANT
AINOAMA FATA dba NOFO'S STORE

## Background

On or about August 8, 2000, defendants Southern Star International, Inc. dba Hong Kong Restaurant ("SSI"), and Kenny and Helen Young (the "Youngs") filed a motion to dismiss defendant Ainoama Fata dba Nofo's Store ("Fata"). In the alternative, SSI and the Youngs ask for summary judgment as to all claims made by Fata. The motion was set for hearing on October 27, 2000. However, the motion was not heard, nor was it brought to the Court's attention until counsel for SSI and the Youngs raised it during a pre-trial conference hearing held on January 10, 2001, in preparation for this week's trial.[1]

## Standard of Review

A motion to dismiss for failure to state a claim will be denied unless it appears beyond doubt that no set of facts can be proven which would entitle a defendant in interpleader to relief. *See Moeisogi v. Faleafine*, 5 A.S.R.2d 131, 134 (Land & Titles Div. 1987). In considering a 12(b)(6) motion, all material allegations in the complaint are taken as true and construed in the light most favorable to the defendant. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The burden of proving the absence of a claim rests on the movant. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).

## Discussion

SSI and the Youngs allege that Fata failed to assert a claim to the stake at issue. Contrary to this allegation, in her answer and cross-claim, which was filed March 30, 2000, Fata avers that under the terms of a lease agreement, SSI and the Youngs agreed to indemnify Fata for losses or injury to the leased property. The leased property is the same property insured under the fire/material damage policy, No. 000600720 ("fire policy"), which is the stake at issue in this case. On April 7, 2000, subsequent to Fata's filing of her answer and cross-claim, we granted the first stage of interpleader joining as defendants SSI, the Youngs, and Fata.[2] In so doing, we explained that, as is the appropriate procedure for

---

[1] Rather than wait until two weeks before trial, counsel for SSI and the Youngs should have alerted the Court to the fact that their motion filed August 8, 2000 had yet to be heard. Even if not heard on October 27, 2000, a subsequent hearing was had on November 3, 2000, at which time counsel had ample opportunity to inform the Court of its filed motion.

[2] Progressive, the stakeholder, is also a party to this case. Although the stakeholder is, in the usual case, discharged at the first stage of interpleader, we did not discharge Progressive in this case since SSI and the Youngs assert that Progressive has an obligation to pay greater than

interpleader cases, the merits of the claims are to be considered in the second stage of interpleader or at trial.

SSI and the Youngs equate Fata's claim to the stake at issue with that of Tutuila International, Inc., and NTV Electronics, which we dismissed from this action on July 25, 2000. In contrast to Fata's claims, we found Tutuila International, Inc. and NTV Electronics' basis for relief was premised upon another insurance policy, a liability policy issued by Progressive, No. 000600721 ("liability policy") and not the fire policy, which is the stake at issue in this case. Furthermore, unlike Fata's answer and cross-claim, Tutuila International, Inc. and NTV Electronics did not file their answer until April 28, 2000, over four and a half months after the complaint was filed.

In considering Fata's pleadings with the requisite liberality, and given her asserted interest in the stake, which we construe as true and in the light most favorable to her, we find that SSI and the Youngs have failed to show beyond a doubt that Fata can prove no set of facts that would entitle her to the stake at issue. Furthermore, in keeping with our earlier order granting interpleader, we continue to find that the interest of judicial efficiency and fairness mandate the simultaneous adjudication of Fata's claims in this case, the merits of which should await the second stage of interpleader or trial. Based upon the foregoing, SSI and the Youngs' motion to dismiss is denied. The alternative application for summary judgment is also denied.

It is so ordered.

---

the amount of the stake at issue.