**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHANNA VON SCHOENEBECK and ANDRE VON SCHOENEBECK, | No. 14-16061 |
| Plaintiffs - Appellants, | D.C. No. 3:13-cv-04992-SI |
| v. | MEMORANDUM[*] |
| KONINKLIJKE LUCHTVAART MAATSCHAPPIJ N.V., AKA Royal Dutch Airlines, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, Senior District Judge, Presiding

Submitted May 9, 2016[**]
San Francisco, California

Before: WARDLAW, PAEZ, and BEA, Circuit Judges.

Johanna and Andreas von Schoenebeck ("the von Schoenebecks") appeal the

district court's Rule 12(b)(6) dismissal of their action under the Montreal

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention against Koninklijke Luchtvaart Maatschappij N.V., doing business as KLM Royal Dutch Airlines ("KLM"). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

The district court correctly determined that the von Schoenebecks' Montreal Convention claim is untimely. Under Article 29 of the Montreal Convention, "any action for damages, however founded, whether under this Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in this Convention." Convention for the Unification of Certain Rules for International Carriage by Air art. 29, May 28, 1999, S. Treaty Doc. No. 106-45 ("Montreal Convention"). One such "limit[] of liability" is contained in Article 35(1), which provides:

> The right to damages shall be extinguished if an action is not brought within a period of two years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the carriage stopped.

*Id.* art. 35(1). "Taken together, Articles 29 and 35(1) require that a claim for damages under the Convention must be filed within two years of the date upon which the aircraft arrived, or ought to have arrived, at its destination." *Narayanan v. British Airways*, 747 F.3d 1125, 1128 (9th Cir. 2014).

The von Schoenebecks' aircraft arrived in San Francisco on August 26, 2008, and they were scheduled to arrive at their final destination of Johannesburg, South Africa on November 24, 2008. The von Schoenebecks filed this action more than two years later, on October 25, 2013. Therefore, the von Schoenebecks' claim for damages under the Montreal Convention is time-barred. *See* Montreal Convention arts. 29, 35(1).

The von Schoenebecks' action is not made timely by virtue of the fact that Ms. von Schoenebeck filed an action against KLM in the High Court of South Africa on August 4, 2010. Taking Articles 29 and 35(1) together, as we must, *see Narayanan*, 747 F.3d at 1128, the Montreal Convention clearly bars "*any* action for damages" brought after the "period of two years," Montreal Convention arts. 29, 35(1) (emphasis added). *See also Narayanan*, 747 F.3d at 1129 (explaining that "any lingering confusion" about the text of Article 35(1) is "further alleviated by Article 29"). Whether or not Ms. von Schoenebeck's action in South Africa was brought within the two-year period, the instant action plainly was not. As such, this action is untimely. See Montreal Convention arts. 29, 35(1).

**AFFIRMED.**

*Johanna von Schoenebeck and Andre von Schoenebeck v. Koninklijke Luchtvaart Maatschappij N.V., aka Royal Dutch Airlines*, No. 14-16061

BEA, Circuit Judge, dissenting:

My colleagues in the majority conclude that the Schoenebecks cannot recover damages from KLM because of a provision in the Montreal Convention stating that "[t]he right to damages shall be extinguished if an action is not brought within a period of two years, reckoned from the date of arrival at the destination." Montreal Convention art. 35(1). But as my colleagues acknowledge, the Schoenebecks did file "an action" within the two-year period. Therefore, their "right to damages" cannot "be extinguished" by Article 35(1).

## I. Factual and Procedural Background[1]

On August 26, 2008, the Schoenebecks boarded a KLM flight from Amsterdam to San Francisco. This was the second and final segment of their flight itinerary, which originated in Johannesburg, South Africa.[2] During the flight to San

---

[1] At this stage of the proceedings, material allegations in the Schoenebecks' complaint are taken as true and construed in the light most favorable to them. *NL Indus. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

[2] Mrs. Schoenebeck previously resided in South Africa.

Francisco, Mrs. Schoenebeck bent forward to pick up her handbag. The passenger seated in front of Mrs. Schoenebeck pushed down on the headrest of his seat, which caused the seat backrest to malfunction and collapse on her. The seat crushed Mrs. Schoenebeck's head, neck, and back. She suffered serious neck and back injuries that required immediate medical attention. According to Mrs. Schoenebeck, KLM failed to provide her with adequate assistance and medical treatment. As a result of her injuries, she is no longer able to carry out routine daily activities without pain and discomfort. She has been unable to work since the incident.

Less than two years after Mrs. Schoenebeck arrived in San Francisco, she filed an action in the High Court of South Africa against KLM for personal injury damages arising from the incident.[3] The South African action remains pending. According to the Schoenebecks, KLM represented to the South African court that "the proper course of action for [Mrs. Schoenebeck] to follow is to withdraw her action against [KLM] before this Honourable Court, and to institute proceedings in the relevant court in the United States of America." On October 25, 2013, the Schoenebecks filed the instant suit in federal district court. The complaint alleges that KLM is liable for Mrs. Schoenebeck's injuries and seeks damages based on

_____

[3] Mrs. Schoenebeck filed the action on August 4, 2010.

the Montreal Convention.[4]

KLM filed a motion to dismiss the complaint pursuant to FRCP 12(b)(1), (b)(6). KLM argued that the complaint was time-barred under the Montreal Convention. The district court concluded that the complaint was barred by Article 35(1), and it granted KLM's motion to dismiss. On appeal, the Schoenebecks argue that the district court erroneously applied Article 35(1). They are correct.

## II. Discussion

The sole issue in this appeal is whether Article 35(1) of the Montreal Convention bars the Schoenebecks' lawsuit against KLM. "The interpretation of a treaty, like the interpretation of a statute, begins with its text." *Medellin v. Texas*, 552 U.S. 491, 506 (2008). Here, the relevant text is straightforward:

> The right to damages shall be extinguished if an action is not brought within a period of two years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the carriage stopped.

> We have previously held that this text is "unambiguous." *Narayanan v.*

*British Airways*, 747 F.3d 1125, 1131 (9th Cir. 2014). We have also noted that "Article 35 only mandates that 'the right to damages shall be extinguished if *an*

---

[4] Article 17(1) of the Montreal Convention provides that a carrier is "liable for damage sustained in the case of . . . bodily injury of a passenger upon condition only that the accident which caused the . . . injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking."

*action* is not brought within a period of two years.' It does not require that 'all actions' relating to a particular event must be brought within two years." *Chubb Ins. Co. of Europe S.A. v. Menlo Worldwide Forwarding, Inc.*, 634 F.3d 1023, 1027 (9th Cir. 2011) (citation omitted) (emphasis in original).

In *Narayanan*, a decedent's heirs and estate sued an airline based on Article 17(1) of the Montreal Convention. They alleged that the airline failed to provide supplemental oxygen to the decedent during an international flight, and that this omission hastened the decedent's death six months later. *Narayanan*, 747 F.3d at 1128. The plaintiffs did not file an action within two years from the date of arrival, or from the date on which carriage stopped. *Id.* at 1126. Even so, the plaintiffs argued that their right to damages was not extinguished by Article 35(1) because they filed the action within two years from *the decedent's death*. *Id.* at 1128. We recognized that "we must squarely apply Article 35(1)," which does not list a passenger's death as a triggering event. *Id.* Because the plaintiffs did not file an action within two years of any of the events listed in Article 35(1), we held that their right to damages was extinguished, and we affirmed the district court's dismissal of their complaint. *Id.* at 1132.

We must "squarely apply" Article 35(1) in this case as well. The Schoenebecks' "right to damages shall be extinguished if an action is not brought

4

within a period of two years" of the three listed events. Mrs. Schoenebeck brought "an action" within a period of two years from the date of her arrival in San Francisco. She brought an action in South Africa, which is a signatory of the Montreal Convention. Thus, her right to damages has not been extinguished by Article 35(1).

The majority does not undertake this simple analysis. Instead, the majority holds that the Schoenebecks' right to damages is extinguished by Article 35(1) because they did not file their district court complaint within two years of arrival. The majority appears to read Article 35(1) as if it stated, "No action shall be brought more than two years after arrival." But that is not how Article 35(1) is written. The drafters of the Montreal Convention could have adopted language to this effect, but they did not. We cannot modify the Montreal Convention on their behalf. *See Chubb Ins. Co.*, 634 F.3d at 1026 ("[W]here the text of a treaty is clear, a court has 'no power to insert an amendment' based on consideration of other sources.") (quoting *Chan v. Korean Air Lines, Ltd.*, 490 U.S. 122, 134 (1989)).

The majority relies on *Narayanan* to support its outcome. In *Narayanan*, we held that the plaintiffs' right to damages was extinguished by Article 35(1). However, it is abundantly clear that our holding in *Narayanan* was premised on the fact that the plaintiffs <u>did not</u> bring an action within two years of arrival. The

5

opposite is true here, and the opposite result obtains. The majority also relies on Article 29 of the Montreal Convention, which states that "any action for damages, however founded, . . . can only be brought subject to the conditions and such limits of liability as are set out in this Convention." Article 29 makes it clear that the Schoenebecks' claim is subject to the limitation set forth in Article 35(1). However, as explained above, Mrs. Schoenebeck avoided having her rights extinguished by Article 35(1) because she filed an action within two years of arrival.

It appears that only one other federal court has considered a fact pattern similar to the Schoenebecks' case. *See In re Air Crash Off Long Island, New York, on July 17, 1996*, 65 F. Supp. 2d 207 (S.D.N.Y. 1999). *Long Island* involved claims by the heirs of deceased passengers who died in a plane crash while en route to Paris. The plaintiffs' claims against the airline were subject to the terms of the Warsaw Convention, which is the predecessor to the Montreal Convention. Article 29(1) of the Warsaw Convention contained a limitation provision substantively identical to the limitation set forth in Article 35(1) of the Montreal Convention: "The right to damages shall be extinguished if an action is not brought within two years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the

6

transportation stopped." *Id.* at 215 (quoting the Warsaw Convention).

The plaintiffs in *Long Island* filed complaints in district court within two years of the crash. More than two years after the crash, the airline moved to have some claims dismissed on the ground of *forum non conveniens*. *Id.* at 209. The airline argued that the claims should be dismissed because much of the evidence related to damages would likely be located in France. *Id.* at 210. The plaintiffs argued, *inter alia*, that France was not an adequate alternative forum because Article 29(1) barred them from bringing their claims in France more than two years after the crash. *Id.* at 215. The district court rejected the plaintiffs' argument and concluded that France would be an adequate alternative forum. *Id.* The court noted that Warsaw Convention case law did not support the proposition that "the statute of limitations is not satisfied when a timely action in a United States court is dismissed and refiled in a foreign court at a point when the statute of limitations would have run had the claim never been previously filed." *Id.* According to the court, "Plaintiffs have satisfied the Article 29 statute of limitations by timely filing their claims in the United States." *Id.*

The same is true here, except Mrs. Schoenebeck accomplished timely filling in another signatory country, *i.e.*, South Africa. Article 35(1) does not bar her from heeding KLM's advice and refiling her claim in the United States.

7

## III. Conclusion

I would reverse the district court's erroneous dismissal of the Schoenebecks' Montreal Convention claim and remand for further proceedings. I respectfully dissent from the majority's decision to affirm.